# Exhibit 2

**RESUME OF**

**GOODKIND LABATON RUDOFF & SUCHAROW LLP**

Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton") is a firm consisting of more than 50 attorneys located in New York City and Florida. Formed in 1963, the firm is now in its forty-first year of practice. Goodkind Labaton is and has been engaged in major complex antitrust, securities, consumer, products liability, and RICO class action litigation throughout the country. Goodkind Labaton has successfully prosecuted representative actions (principally class actions in the antitrust and securities areas) – frequently as lead counsel or Executive Committee member – representing the State of Connecticut, the Connecticut Retirement Plans and Trust Funds, the Amalgamated Bank of New York, certain New York City Pension Funds, the Florida State Board of Administration, the County of Suffolk, California Pubic Employees' Retirement System (CalPERS), the Genesee County Employees' Retirement System, Teamsters Local 237 Welfare Fund and Teamsters Local 237 Retirees' Benefit Fund, New York State United Teachers, and United Federation of Teachers Welfare Fund.

Recently on November 14, 2003, Goodkind Labaton's Antitrust Litigation team, as co-lead class counsel, obtained final approval of a $90 million settlement with defendants on behalf of end-payor plaintiffs in *In re: Buspirone Antitrust Litigation,* (MDL-1413) (S.D.N.Y.). The settlement allocates funds to consumers in certain states and third-party payors nationwide and settles actions alleging anti-competitive conduct by improperly extending the monopoly in the market for buspirone hydrochloride, an anti-anxiety drug sold under the brand name BuSpar.®

In August 2002, Goodkind Labaton, again as co-lead class counsel, obtained final approval of a settlement with DuPont Pharmaceuticals Company in the amount of $44.5 million on behalf of consumers and third-party payors. The plaintiffs included both union health and welfare

funds and private insurers who purchased or paid for Coumadin,® a blood thinning drug. *See In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002), *aff'd*, 391 F.3d 516 (3d Cir. 2004).

In August 2001, Goodkind Labaton, as co-lead class counsel, litigated claims against Pfizer, Inc. and others, alleging that the defendants had colluded on price and market share. Goodkind Labaton ultimately obtained approval of a settlement in excess of $11.15 million on behalf of businesses that purchased the food additive Maltol in the case entitled *In re: Maltol Antitrust Litigation*, Civil Action Nos. 99-CV-5931(TPG) and 99-CV-9237(TPG) (D. Del). Similarly, Goodkind Labaton obtained approval of a settlement in the amount of $7.3 million on behalf of businesses that purchased the food additive Sodium Erythorbate in the cases entitled *Fleurchem Inc. v. Pfizer Inc.*, Civil Action No. 99-CV-5934(TPG), and *Continental Seasoning, Inc. v. Pfizer Inc., et al.*, Civil Action No. 99-CV-12055(TPG) (S.D.N.Y.).

Goodkind Labaton, as co-lead counsel, represented consumers and third-party payors in litigation against Mylan Laboratories, Inc. and others regarding alleged price increases for generic versions of certain prescription drugs. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 2003 U.S. Dist. LEXIS 12344 (D.D.C. June 16. 2003). These actions were jointly litigated with the Federal Trade Commission and various state Attorneys General. The third-party payor actions resulted in a $35.4 million class action settlement. The consumer actions were settled for $100 million in conjunction with the Federal Trade Commission and state Attorneys General actions.

As co-lead class counsel in a class action brought against Sumitomo Corporation, and others, on behalf of business purchasers of copper products around the country, Goodkind Labaton obtained settlements on behalf of purchasers of pure and scrap copper in excess of $80 million.

Goodkind Labaton is currently actively engaged in the prosecution of major antitrust class actions pending throughout the United States. It is presently co-lead counsel in the following

class actions: *In re Foundry Resins Antitrust Litigation,* (MDL No. 1638) (S.D. Ohio); *In re Stock Exchanges Options Antitrust Litigation* (S.D.N.Y.); *In re Ciprofloxacin Antitrust Litigation* (MDL 1383) (E.D.N.Y.); *In re Tamoxifen Citrate Litigation* (E.D.N.Y.); and *In re Medical Waste Services Antitrust Litigation* (D. Utah). The firm is also actively involved on behalf of plaintiffs in other significant antitrust litigation including: *In re Polychloroprene Antitrust Litigation,* (D. Conn.); *In re Hydrogen Peroxide Antitrust Litigation,* (E.D. Pa.); *In re Plumbing And Bathroom Fixtures Antitrust Litigation,* (E.D. Pa.); *In re High Fructose Corn Syrup Antitrust Litigation* (Master File No. 95-1477) (C.D. Ill.); *In re Publication Paper Antitrust Litigation,* (D. Conn.); *Visa Debit Card Antitrust Litigation* (E.D.N.Y.); *In re Microcrystalline Cellulose Antitrust Litigation* (E.D. Pa.); *In re Cardizem CD Antitrust Litigation* (E.D. Mich.); *In re Visa Debit Card Antitrust Litigation* (E.D.N.Y); *In re Microsoft Antitrust Litigation* (D.D.C.); *In re Relafen Antitrust Litigation* (D. Ma.); *In re Parcel Tanker Shipping Services Antitrust Litigation* (D. Ct.); *In re New Motor Vehicles Canadian Export Antitrust Litigation* (D. Me.); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation* (D. Ct.); *In re Pressure Sensitive Labelstock Antitrust Litigation* (M.D. Pa.); *County of Suffolk et al. v. Smithkline Beecham Corporation* (E.D. Pa.); and *Commercial Tissue Paper Products Antitrust Litigation* (S.D. Fla.).

Numerous courts have had occasion to comment upon the skill of the firm. In connection with the final approval of the $90 million settlement in *In re: Buspirone Antitrust Litigation,* United States District Judge John Koeltl commented that the lawyering in this case was "stupendous." In another case, Goodkind Labaton was designated lead class counsel in class actions on behalf of consumers who purchased brand-name drugs at retail. The cases were brought against brand name prescription drug manufacturers in the States of Michigan, Minnesota, Wisconsin, Maine, New York, Arizona, Tennessee, Kansas, Florida, North Carolina and in the District of

Columbia. In granting final approval of the almost $65 million multi-state cash settlements in these consumer antitrust class actions, various courts commented favorably upon the expertise and experience of the firm's Antitrust Litigation Group. For example, Judge Myron Greenberg, in approving the Minnesota portion of the settlement, noted: "I think the lawyering in this case is most commendable… [Counsel] have accorded themselves in a manner that allows us to be proud of the profession." Similarly, Judge Moria Krueger, in approving Wisconsin's portion of the settlement, complimented the firm and noted: "This Court has been helped along every step of the way by some outstanding lawyering… [Y]ou can hardly say that there has been anything but five star attorneys involved in this case."

Goodkind Labaton has successfully employed its expertise and experience in other practice areas as well. Goodkind Labaton was co-lead counsel for a class of investors in a limited partnership in *In re Real Estate Associates Limited Partnerships Litigation*, Case No. 98-7035 DDP (AJWx) (C.D. Cal.). In November 2002, after a six-week long jury trial, Goodkind Labaton obtained a precedent-setting award of $92 million in compensatory damages under various legal theories, including violations of Section 14(a) of the Securities Exchange Act of 1934, and an additional $92 million for punitive damages on a breach of fiduciary duty claim (an amount substantially reduced by the judge in accordance with state policy as to the permitted magnitude of punitive damages awards). After the defendants appealed the award, Goodkind Labaton obtained a settlement from them in the amount of $83 million, a sum that will fully compensate each class member for the losses each incurred as a result of the acts complained of.

On behalf of the Lead Plaintiff Connecticut Retirement Plans and Trust Funds, Goodkind Labaton achieved an extraordinary settlement in *In re Waste Management, Inc. Securities Litigation* (MDL 1422) (S.D. Tx.), providing for $457 million in cash and substantial relief

concerning Waste Management's corporate governance. It is the third-largest securities class action settlement ever achieved and the largest in any case within the Fifth Circuit. The Court approved the Settlement on May 1, 2002.

Goodkind Labaton was co-lead counsel for plaintiffs in *In re Revlon Pension Plan Litigation*, 91 Civ. 4996 (JES), an action before Judge Sprizzo in the United States District Court for the Southern District of New York. Following the presentation by the firm's senior partner, Edward Labaton, in support of final approval of the settlement of the action, Judge Sprizzo, at page 6 of the transcript of July 8, 1994, complimented the work of Mr. Labaton and Goodkind Labaton, stating:

> The recovery is all they could have gotten if they had been successful. I have probably never seen a better result for the class than you have gotten here. * * * The case has been competently handled by both lawyers whom I know personally and I know their reputation in these cases. I have had no unnecessary proliferation of expenses. It has been a very well handled case from the beginning, with a minimum of judicial interference because the parties did not see fit to waste my time with such.

Goodkind Labaton has also served as a member of the Executive Committee and Chair of the Litigation Committee in *In re Prudential Securities Limited Partnerships Litigation*, MDL 1005, a complex RICO class action in which plaintiffs sued the brokers and sponsors of more than 700 limited partnerships. In granting preliminary approval to a settlement of $110 million, Hon. Milton Pollack commented:

> In litigating this case with the massive number of documents involved, plaintiffs' counsel have expended a large quantity of their own funds on one of the most innovative and sophisticated "high-tech" document management/litigation support systems available. Further, during the conduct of the litigation in this case, the Court has observed first-hand the caliber of plaintiffs' counsel and is able to judge their adequacy in representing the Class.

*In re Prudential Securities Inc. Limited Partnerships Litig.*, [Current] Fed. Sec. L. Rptr. (CCH), ¶ 98,915 (S.D.N.Y. Aug. 30, 1995), at 93,415-93,416. Judge Pollack went on to state that the

settlement reached in *Prudential* "appears on the surface as extremely beneficial to the Class. The financial recovery is among the largest securities class action settlement ever achieved." *Id.* at 93,416.

In his Findings and Conclusions on Award of Attorney's Fees and Expenses, entered May 18, 1994 (pp. 12-14) in *In re Prudential-Bache Energy Income Partnerships Securities Litigation*, MDL No. 888, an action in which Goodkind Labaton served on the Executive Committee of Plaintiffs' counsel, Judge Marcel Livaudais, Jr. of the United States District Court for the Eastern District of Louisiana observed that

> Counsel were all experienced, possessed high professional reputations and were known for their abilities. Their cooperative effort in efficiently bringing this litigation to a successful conclusion is the best indicator of their experience and ability . . . .
>
> The Executive Committee is comprised of law firms with national reputations in the prosecution of securities class action and derivative litigation. The biographical summaries submitted by each member of the Executive Committee attest to the accumulated experience and record of success these firms have compiled.
>
> * * *
>
> Moreover . . . all counsel have prosecuted the case in an efficient, cooperative and diligent manner, bringing the litigation to a swift and successful conclusion for the benefit of all members of the proposed class.

In *Park Lane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979), a class action, Goodkind Labaton succeeded in obtaining the landmark Supreme Court decision relating to the offensive use of the collateral estoppel. Goodkind Labaton obtained another landmark decision in the area of class actions in *Boeing Company v. Van Gemert*, 444 U.S. 472 (1980). Goodkind Labaton acted as lead counsel in the *General Motors Diesel Litigation*, 81 Civ. 1252(HB) (E.D.N.Y.), which was prosecuted on behalf of owners of certain diesel automobiles manufactured by General Motors Corporation. That action resulted in a settlement of more than $18 million, at the

time one of the largest settlements ever obtained in a consumer class action. As co-lead counsel in the class actions involving *Petro Lewis Corp.*, 84 Civ. 326 (D. Colo.), Goodkind Labaton succeeded in obtaining a settlement valued by the court at $113.5 million. Goodkind Labaton also served as co-lead counsel in a class action brought on behalf of purchasers of the common stock of *PepsiCo, Inc.*, 82 Civ. 8403(ADS) (S.D.N.Y.). The class recovered $21.5 million as a result of the vigorous prosecution of that action. In *Weckstein v. Breitbart*, Index No. 19639/83, Goodkind Labaton tried an action in the Supreme Court of the State of New York, County of New York, on behalf of limited partners alleging gross breaches of fiduciary duty by the general partner. After the trial, the court rendered a verdict removing the general partner, appointing a receiver and awarding damages of more than $7.5 million. Goodkind Labaton chaired the Executive Committee of Plaintiffs' Counsel which prosecuted the *In re Todd Shipyards Securities Litigation*, Master File No. 88-2580(DRD) (D.N.J.), to a $12.6 million settlement on behalf of the class.

In four recently settled actions, Goodkind Labaton undertook a lead role in obtaining benefits for class members of $200 million (*In re PaineWebber Incorporated Limited Partnerships Litigation*, 94 Civ. 8547(SHS) (S.D.N.Y.) – member of six-lawyer executive committee); $110 million partial settlement (*In re Prudential Securities Incorporated Limited Partnerships Litigation*, MDL-1005(MP) (S.D.N.Y.) – chairman of eight-lawyer executive committee); $91 million (*In re Prudential Bache Energy Income Partnerships Securities Litigation*, MDL-888(ML) (D. La.) – member six-lawyer executive committee); and $92 million (*Shea v. New York Life Insurance Company*, Civ. 96-0746 (S.D. Fla.) – Co-lead counsel).

Goodkind Labaton has discharged its responsibilities as lead and co-lead counsel in complex cases in an efficient, effective and cooperative manner. In *In re Energy Systems Equipment Leasing Securities Litigation*, MDL-637(LDW) (E.D.N.Y.), a multi-faceted, multi-district litigation

in which Goodkind Labaton acted as co-lead counsel for the plaintiffs, Judge Wexler of the Eastern District of New York, complimented the firm for the efficient manner in which the complex litigation proceeded and cited the cooperation and efficiency of plaintiffs' counsel as an example to be emulated by counsel in other actions.

The attorneys at Goodkind Labaton who will have principal responsibility for litigating this class action include:

***Lawrence A. Sucharow*** graduated *cum laude* from the City College of New York in 1971, and *cum laude* from Brooklyn Law School in 1975 and has specialized in complex securities, antitrust and other class action litigation since that date. At Goodkind Labaton, Mr. Sucharow, in addition to prosecuting actions for which he has principal responsibility, oversees and coordinates the work of the approximately 33 professionals who comprise the firm's contingent litigation department.

Mr. Sucharow is admitted to practice in the States of New York and New Jersey, the United States District Courts for the Southern and Eastern Districts of New York, the District of New Jersey, the District of Arizona, the United States Court of Appeals for the Second Circuit, and the Supreme Court of the United states. Mr. Sucharow has prosecuted and is currently prosecuting numerous class actions in the securities, limited partnership, antitrust, consumer, and products liability fields both as sole lead counsel and as a member or co-chair of executive committees of plaintiffs' counsel. Mr. Sucharow has successfully prosecuted actions, recovering hundreds of millions of dollars, on behalf of shareholders of public companies such as PepsiCo, American Express, Ames Department Stores, Gambro AB, Dun & Bradstreet Corporation, Medco Containment, Time Warner, Xerox, Emersons Ltd., Maxtor Corp., Todd Shipyards, and others; on behalf of bondholders of the New York City Housing Development Corp.; on behalf of victims of

violations of the antitrust laws; and on behalf of purchasers of limited partnership interests from Prudential Securities, Inc., New York Life Insurance Company, and PaineWebber, Inc. He is currently a leader in the prosecution of options purchasers' claims against the NYSE, AMEX and other exchanges; business consumer claims for inflated copper prices against Sumitomo Corporation, and other matters.

Mr. Sucharow was successful trial counsel in the important business law case of *Data Probe v. Datatab*, (N.Y. Sup. Ct.), and one of the principal trial counsel in *In re Real estate Associates Limited Partnership* litigation which resulted in a plaintiffs' jury verdict of $184 million.

In five recently settled actions, Mr. Sucharow undertook a lead role in obtaining benefits for class members of $43.5 million for the inflated price of copper against Sumitomo Corporation – co-lead counsel; $200 million (*In re PaineWebber Incorporated Limited Partnerships Litigation*, 94 Civ. 8547 (SHS) (S.D.N.Y.) – member of six-lawyer executive committee); $135 million partial settlements (*In re Prudential Securities Incorporated Limited Partnerships Litigation*, MDL-1005 (MP) (S.D.N.Y.) – Chairman of eight-lawyer executive committee); $91 million (*In re Prudential Bache Energy Income Partnerships Securities Litigation*, MDL-888(ML) (D. LA.) – member of six-lawyer executive committee); and more than $92 million (*Shea v. New York Life Insurance Company*, Civ. 96-0746 (S.D. Fla.) – Co-lead counsel). In approving the *Prudential* settlement, Judge Milton Pollack, citing the "Herculean" effort of plaintiffs' counsel, stated: "But this case represents a unique recovery – a recovery that does honor to every one of the lawyers on your side of the case."

Mr. Sucharow was the founding chairman of the Class Action Committee of the Commercial and Federal Litigation Section of the New York State Bar Association from 1988-1994; is the former President of the National Association of Shareholder and Consumer Attorneys

(NASCAT); is an active member of the Federal Bar Council's Committee on Second Circuit Courts, and the Federal Courts Committee of the New York County Lawyers Association; and is a member of the Securities Law Committee of the New Jersey State Bar Association. Mr. Sucharow lectures on class actions, complex civil litigation, and related topics in continuing legal education programs and has earned an "AV" rating from Martindale-Hubbell Law Directory.

***Bernard Persky***, the head of the firm's Antitrust Practice Group, is a Phi Beta Kappa graduate of City College of New York (1965) and an honors graduate of Harvard Law School (1968). He is a member of the Bars of the State of New York, United States Supreme Court, Second, Third and Fifth Circuit Courts of Appeals and the District Courts of the Southern, Eastern and Northern Districts of New York. Since 1969, his practice has involved complex business litigation and class action suits, primarily including antitrust, securities fraud, civil RICO, and trade regulation disputes. He also has extensive experience in accountants' and officers' and directors' liability insurance matters, federal and state administrative proceedings and bankruptcy litigation.

Mr. Persky has had major responsibility and substantial experience in successfully litigating numerous antitrust, securities and other class actions. In *County of Suffolk v. Long Island Lighting Company*, 685 F. Supp. 38 (E.D.N.Y. 1988); 907 F.2d 1295, 1327 (2d Cir. 1990), Mr. Persky was co-lead trial counsel for plaintiff in this RICO class action in which a jury verdict was obtained for plaintiff, County of Suffolk, after a two-month trial which led to a $400 million class settlement. The Second Circuit, in awarding attorneys' fees to plaintiff, quoted the trial judge, Honorable Jack B. Weinstein, as stating "counsel [has] done a superb job [and] tried this case as well as I have ever seen any case tried."

Mr. Persky is or was co-lead class counsel in major antitrust class actions, including *In re Maltol Antitrust Litigation*, (99 Civ. 5931) (S.D.N.Y.) ($11.15 million settlement); *Continental*

*Seasoning, Inc. v. Pfizer, Inc. et al.*, (99 Civ. 12055) (S.D.N.Y.) ($7.3 million settlement); *In re Warfarin Sodium Antitrust Litigation*, (MDL No. 1232) (D. Del.), *aff'd*, 391 F.3d 516 (3d Cir. 2004) ($44.5 million settlement); *In re Buspirone Antitrust Litigation*, (MDL No. 1410) (S.D.N.Y.) ($90 million settlement); *In re Lorazepam & Clorazepate Antitrust Litigation*, (MDL-1290) (D.D.C.) ($135 million settlement); *In re Stock Exchanges Options Antitrust Litigation*, (MDL-1283) (S.D.N.Y.) ($80 million settlement); *In re Foundry Resins Antitrust Litigation*, (MDL No. 1638) (S.D. Ohio); *In re Tamoxifen Citrate Antitrust Litigation* (E.D.N.Y.); and *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, (MDL No. 1383) (E.D.N.Y.), and is actively involved on behalf of plaintiffs in many other significant antitrust class actions, including *In re Polychloroprene Antitrust Litigation*, (D. Conn.); *In re Hydrogen Peroxide Antitrust Litigation*, (E.D. Pa.); *In re Plumbing And Bathroom Fixtures Antitrust Litigation*, (E.D. Pa.); *In re CardizemCD Antitrust Litigation* (MDL-1278) (E.D. Mich.); *In re High Fructose Corn Syrup Antitrust Litigation* (Master File No. 95-1477) (C.D. Ill.); *In re Publication Paper Antitrust Litigation*, (D. Conn.); *In re Microcrystalline Cellulose Antitrust Litigation*, (E.D. Pa.); and *Visa Debit Card Antitrust Litigation* (E.D.N.Y.). He has also represented, along with co-counsel, thousands of retail drugstores in the antitrust price fixing and price discrimination suit entitled *In re Brand Name Prescription Drugs Antitrust Litigation* (MDL No. 997) (N.D. Ill.). In addition, Mr. Persky was lead class counsel in state consumer antitrust class actions against brand-name prescription drug manufacturers in the States of Arizona, Florida, Kansas, Maine, Michigan, Minnesota, New York, North Carolina, Tennessee, Wisconsin and the District of Columbia.

In approving portions of a $65 million multi-state consumer class settlement with brand-name prescription drug manufacturers, courts have praised the performance of Mr. Persky, as lead class counsel: "I'll join my learned colleagues from this and other jurisdiction[s] in

commending counsel in arriving at something that represents a great deal of hard work and a great deal of ingenuity in putting together a settlement of this magnitude and complexity" (*Karofsky v. Abbott Laboratories, et al.*, Case No. CV-95-1009, Transcript of Hearing at 17, Superior Court Cumberland County, Maine, December 2, 1998); "This Court . . . has been helped along every step of the way by some outstanding lawyering . . . . You can hardly say that there's been anything but five-star attorneys involved in this case" (*Scholfield v. Abbott Laboratories, et al.*, Case No. 96 CV 460; Transcript of Hearing at 31, 33; Cir. Ct., Dane County, Wisc., October 5, 1998); "I think the quality of counsel is excellent" (*McLaughlan v. Abbott Laboratories, et al.*, Case No. CV 95-0628; Transcript of Hearing at 28, Super. Ct., Yavapai County, Ariz., October 28, 1998); "[S]ubstantial expertise was required to prosecute this litigation" (*Holden v. Abbott Laboratories, et al.*, Case No. 96 C 15994, Transcript of Hearing at 79; Dist. Ct., Johnson County, Kansas, November 19, 1998).

Mr. Persky had also been counsel for plaintiffs in a RICO class action brought on behalf of jockeys, trainers and others whose businesses and employment were located at Roosevelt Raceway in Westbury, Long Island for alleged fraud in connection with the purchase and closing of the Raceway. *Standardbred Owners Association v. Roosevelt Raceway Associates, L.P.*, 985 F.2d 102 (2d Cir. 1993) (upholding plaintiffs' standing to assert claims for damages under RICO). In addition, Mr. Persky has had substantial responsibility litigating the following class actions:

(a) *Federated Department Stores, Inc. v. Moitie*, No., C-77-0576, 0571 (N.D. Cal.) (represented defendant Saks & Co. in this price fixing antitrust class action; district court's dismissal of antitrust class action affirmed by the United States Supreme Court in an opinion reported at 452 U.S. 394 (1981));

(b) *Brewer v. Miller Brewing Company*, 93-CV-I 600(FJS) (N.D.N.Y.) (lead counsel for class of African-Americans alleging claims for federal and state law civil rights violations; case settled favorably for more than $3 million and other relief);

(c) *River Arts Apartments, Inc. v. Le Tam Realty Corp.*, Index No. 18099/84 (Sup. Ct. N.Y. Co.) (represented a class of apartment purchasing shareholders in this state securities and common law fraud suit which was favorably settled on behalf of plaintiff class for approximately $2 million); and

(d) *Weisfeld v. Spartans Industries, Inc.*, 58 F.R.D. 570 (S.D.N.Y. 1972) (represented defendant Spartans in federal securities fraud class action; settled favorably).

From 1975 to 1978, Mr. Persky was Counsel to the New York State Commission On Judicial Conduct and successfully tried cases involving allegations of judicial misconduct. *See, e.g., In re Mertens*, 56 A.D. 2d 456 (1st Dep't 1977). He has also had major responsibility in representing the New York State Society of CPAs as *amicus curiae* in *Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536 (1985) (leading case in New York establishing criteria for non-contractual parties to sue accountants for malpractice).

He is currently a member of the Advisory Board of the American Antitrust Institute and of the Executive Committee of the Antitrust Section of the N.Y.S. Bar Association and is co-author of an article entitled *Antitrust Protections Expanded in New York*, N.Y.L.J., June 22, 1999. Mr. Persky has also lectured on antitrust topics before bar associations and other interested groups.

**Barbara J. Hart** graduated from Fordham University School of Law in 1992 where she was a member of the Law Review and on the Dean's List.

Ms. Hart was one of the principal litigators at the firm responsible for a $65 million settlement with certain brand name prescription drug manufacturers. The settlement benefited

consumers in numerous states, including for instance, Kansas, where in approving the settlement, Judge Steve Leben noted that "a substantial expertise was required to prosecute this litigation." *Holdren v. Abbott Laboratories, et al.*, (Dist. Ct. Johnson County, Kans., Nov. 19, 1998). In Arizona, where Ms. Hart appeared before Judge Robert M. Brutinel several times, the Judge commented in approving the settlement, "I think the quality of counsel is excellent." *McLaughlin v. Abbott Laboratories, et al.*, (Yavapai County, Ariz., Oct. 28, 1998).

In Maine, Judge Bradford similarly approved, stating, "I'll join my learned colleagues from this and other jurisdiction[s] in commending counsel in arriving at something that represents a great deal of hard work and a great deal of ingenuity in putting together a settlement of this magnitude and complexity, and especially the cost effective way in which this settlement is proposed to be distributed." *Karofsky v. Abbott Laboratories, et al.*, (Cumberland County, Maine, Dec. 2, 1998).

Ms. Hart is counsel to, among others, the New York State United Teachers, the United Federation of Teachers Welfare Fund, Teamsters Local 237 Welfare Fund, Teamsters Local 237 Retirees' Benefit Fund, and to the Office of the Treasurer of the State of Connecticut, representing the Connecticut Retirement Plans and Trust Funds. Ms. Hart represented the Connecticut Funds in the *In re Waste Management Securities Litigation* where the Connecticut Funds were Lead Plaintiff and Goodkind Labaton was Lead Counsel. That case has been settled for $457 million, the third largest securities litigation settlement in history. Currently, Ms. Hart also advises several other public funds and union funds on securities litigation under the Private Securities Litigation Reform Act, and actively participates in the Council of Institutional Investors, the Public Funds Forum, the National Association of State Treasurers, and the National Association of State Auditors, Comptrollers and Treasurers.

Additionally, Ms. Hart has argued before the Second Circuit in several cases, including an action involving currency exchange rates. She has also co-authored an article entitled "Antitrust Protections Expanded in New York," N.Y.L.J., June 22, 1999, and has been a featured speaker on the topic of combating anti-competitive strategies in the prescription drug industry.

Ms. Hart is admitted to practice in New York and Connecticut, the United States District Courts for the Southern and Eastern Districts of New York, and the Second and Third Circuit Courts of Appeals. Ms. Hart graduated from Vanderbilt University and received a Master's Degree in Communications from the University of North Carolina, Chapel Hill.

***Hollis L. Salzman*** graduated from Boston University with a B.A. in Economics in 1987 and from Nova University School of Law with a J.D. in 1992 where she was on the Dean's List. Ms. Salzman is a member of the Bars of the States of Florida, New York, and New Jersey, the United States Court of Appeals for the Eleventh Circuit, and the District Courts for the Eastern and Southern Districts of New York and the Middle and Southern Districts of Florida.

Ms. Salzman is currently, or recently has been actively involved in, representing plaintiffs and plaintiff classes in major pending antitrust class actions, including *In re New Motor Vehicles Canadian Export Antitrust Litigation*, (D. Me.) (executive committee); *Nichols, et al. v. SmithKline Beecham Corporation*, (E.D. Pa.) (third-party payor allocation counsel); and *In re Tamoxifen Antitrust Litigation*, (E.D.N.Y.) (co-lead counsel); *Service Employees International Union Health and Welfare Fund*, (N.D. Ca.) (co-lead counsel); *In re: Fresh Pineapple Antitrust Litigation*, (S.D.N.Y.) (executive committee); *Ferrell v. Wyeth-Ayerst Laboratories Inc., et al.*, (S.D. Oh.) (third-party payor allocation counsel); *J&R Venturs v. Rhone-Poulenc S.A., et al.* (Wisc. Cir. Ct.) (lead counsel).

She also served as co-lead counsel in several antitrust class actions which resulted in extraordinary settlements for consumers and third-party payors. *In re Buspirone Antitrust Litigation*, (MDL 1413) (S.D.N.Y.) ($135 million settlement); *In re Lorazepam & Clorazepate Antitrust Litigation*, (MDL 1290) (D.D.C.) ($35.4 million on behalf of third-party payors, and $100 million on behalf of consumers in conjunction with the Federal Trade Commission and State Attorneys General's actions); also *In re Maltol Antitrust Litigation*, (99 Civ 5931) (S.D.N.Y.), and *Continental Seasonings Inc. v. Pfizer, Inc., et al.*, (99 Civ. 12055) (S.D.N.Y. ($18.45 million on behalf of direct purchasers of chemical food additives). Additionally, she was principally responsible for administering a $65 million settlement with certain brand-name prescription drug manufacturers where their conduct allegedly caused retail pharmacy customers to overpay for their prescription drugs. She was also involved in tobacco-related litigation against cigarette manufacturers.

Ms. Salzman is a committee member of the New York State Bar Association, Commercial & Federal Litigation Section – Antitrust Committee and is co-author of an article entitled "The State of State Antitrust Enforcement," NYSBA *NYLitigator*, Winter 2003, Vol. 8, No. 1. She is also a member of the New York County Lawyers' Association Trade Regulation Committee. Ms. Salzman also provides *pro bono* representation to indigent and working-poor women in matrimonial and family law matters.

***Christopher J. McDonald*** is Of Counsel to Goodkind Labaton and part of the firm's Antitrust Practice Group. Mr. McDonald also spends a significant portion of his practice representing institutional investors in securities fraud cases.

Immediately prior to joining Goodkind Labaton, Mr. McDonald was in-house counsel for a telecommunications company, where he advocated for the enactment and implementation of pro-competitive regulations based on the legal, economic and public goals of the

Telecommunications act of 1996. Before that, Mr. McDonald was a commercial litigator with Patterson Belknap Webb & Tyler LLP.

Mr. McDonald received his undergraduate degree *cum laude* from Manhattan College in 1985 and his J.D. from Fordham University School of Law in 1992, where he was on the *Law Review*. Mr. McDonald is admitted to practice in the State of New York and in the Southern and Eastern Districts of New York.

**Craig L. Briskin** joined Goodkind Labaton Rudoff & Sucharow as an associate in the fall of 2001. His practice focuses primarily on antitrust litigation.

Mr. Briskin received his J.D. from Harvard Law School in 1998. He was a student attorney and board member of the Harvard Legal Aid Bureau and the Battered Women's Advocacy Project, providing civil legal services to indigent clients. Mr. Briskin was also an editor of the *Harvard Civil Rights-Civil Liberties Law Review*. He co-authored an article, "The Waging of Welfare: All Work and No Pay?" (33 Harvard Civil Rights-Civil Liberties Law Review 559 (1998)). after graduating from law school, Mr. Briskin served as Law Clerk to Justice Alexander O. Bryner of the Alaska State Supreme Court.

Prior to joining Goodkind Labaton, Mr. Briskin worked at the New York Legal Assistance Group, representing indigent clients in direct services in the areas of welfare, disability and immigration law. His work was funded by a fellowship from the National Association of Public Interest Law.

Mr. Briskin has worked on several class actions, including *In re Buspirone antitrust Litigation*, in which the firm obtained a $90 million settlement on behalf of end-payor plaintiffs who were overcharged for the drug BuSpar®. Mr. Briskin is also actively involved in litigating *In re Natural Gas Commodity Litigation* and *In re Medical Waste Services Antitrust Litigation*.

***Kimberly Nelson*** is an associate in the Antitrust Litigation Practice Group. She graduated from Swarthmore College in 1998, and from St. John's University School of Law *cum laude* in 2002. Ms. Nelson is admitted to the New York and New Jersey State Bars, as well as the District of New Jersey.

At St. John's, Ms. Nelson was the Notes & Comments Editor of the *NYLitigator*, a journal published by the Commercial and Federal Litigation section of the New York State Bar Association. She was also the Director of Publications of the Criminal Trial Institute. In this position, Ms. Nelson co-authored "Freeing the Wrongfully Convicted: Lessons from England and the Process in New York," *NYSBA Criminal Justice Journal* (Winter 2002).

Currently, Ms. Nelson works on antitrust cases representing consumers and businesses that have been injured by anticompetitive practices and abuses of market power. She is involved in several significant antitrust class actions, such as *In re Relafen Antitrust Litigation*, Master File No. 01-12239-WGY, in which it is alleged that brand-name pharmaceutical companies have unlawfully blocked the sale of competitors' generic drugs.

***Kellie C. Safar*** obtained a B.A. in history from Rutgers University in 1999, where she graduated Phi Beta Kappa and with honors. She received her Juris Doctorate from Rutgers Law School in 2003. While at Rutgers Law, she served as Managing Editor of the Rutgers Computer and Technology Law Journal, as well as Board Member of the Moot Court Board. Ms. Safar also worked as a Legal Aide in the Antitrust Bureau of the New York Attorney General's Office during law school.

Ms. Safar joined Goodkind Labaton's New York office in 2003 as a member of the firm's Antitrust Practice Group. She has worked on several prominent class actions in the pharmaceutical industry including the *In re Buspirone Antitrust Litigation*, in which the firm

obtained a $90 million dollar settlement on behalf of end-payor plaintiffs who overpaid for the drug BuSpar®. She has also worked on other class actions, such as the *In re Vitamins Antitrust Litigation*, for which the firm obtained a $187 million dollar multi-state antitrust settlement. Ms. Safar's admission to the New York and New Jersey Bars is pending.