UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: NEXIUM CONSUMER/PAYOR ADVERTISING LITIGATION | : Civil Action No. 1:05-cv-75 (SLR) <br> : <br> : <br> : <br> : <br> : <br> : |

## [PROPOSED] PRETRIAL ORDER NO. 1

*SLR 6/23/05*

I. **CONSOLIDATION OF CLASS ACTION CASES AND COORDINATION OF RELATED INDIVIDUAL ACTIONS**

    1.     The following class action cases, and all class action cases subsequently filed in or transferred to this Court that the Court deems to be related pursuant to Local Rule 3.1(b), shall be consolidated:

- *Pennsylvania Employee Benefit Trust Fund v. Zeneca, Inc., et al.*, C.A. No. 1:05-cv-75 (SLR),

- *Watters v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 1:05-cv-196 (SLR), and

- *Macken v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 1:05-cv-220 (SLR).

The above-referenced cases will be referred to collectively as the "Class Action Cases."

    2.     The Class Action Cases will be coordinated for pretrial proceedings with any individual actions subsequently filed in or transferred to this Court that the Court deems to be related pursuant to Local Rule 3.1(b), which will be referred to collectively as the "Related Individual Cases."

    3.     The Class Action Cases and Related Individual Cases will be referred to collectively as the "Coordinated Action."

4. This Order is made without prejudice to the right of any party to apply for a severance of any claim or action for good cause shown, pursuant to Federal Rule of Civil Procedure 42(b).

5. The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

II. MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS

6. A Master Docket and a Master File are hereby established for the Coordinated Action. The Master File shall be Civil Action No. 1:05-cv-75 (SLR). The original of this Order shall be filed with the Clerk of the Court in the Master File herein established. Entries in said Master Docket shall be applicable to this Coordinated Action as more fully set forth below.

7. Separate dockets shall also be maintained for each related case subsequently filed in or transferred to this Court, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

8. When a paper is filed and the caption shows that it is to be applicable to "ALL ACTIONS," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need to be filed, nor docket entries made. When a paper is filed and the caption shows that it is to be applicable to less than all of the actions governed by this Order, the Clerk shall file the original of such paper in the Master File and in the file of each specific action to which the paper is intended to be applicable and note such filings in the Master Docket and all applicable case specific dockets.

### III. CAPTION OF CASES

      9.      Every pleading filed in the Coordinated Action shall bear the following caption:

```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
-----------------------------------------------------------X
IN RE: NEXIUM CONSUMER/PAYOR           :    Master File No. 1:05-cv-75
ADVERTISING LITIGATION                 :
-----------------------------------------------------------X
THIS DOCUMENT RELATES TO:              :    Hon. Sue L. Robinson, USDJ
                                       :
-----------------------------------------------------------X
```

      10.      When a pleading or other court paper is intended to apply to all actions, the words "ALL ACTIONS" shall appear after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all, of the actions governed by this Order, the party filing the pleading shall indicate the actions to which the pleading is intended to be applicable by separate caption and docket number or, if applicable to all the Class Action Cases or all the Related Individual Cases, it shall so indicate.

### IV. SUBSEQUENTLY FILED AND TRANSFERRED ACTIONS

      11.      When a case is hereinafter filed in this Court or transferred to this Court from another court that the Court deems to be related pursuant to Local Rule 3.1(b), the Clerk shall:

      (a)      File a copy of this Order in the separate file for the related case;

      (b)      Mail a copy of this Order to counsel for the Plaintiffs in the newly filed or transferred case and to any new Defendants in the newly filed or transferred case;

    (c)    Mail a copy of this order to counsel for Plaintiffs and to counsel for Defendants in the Coordinated Action; and

    (d)    Make an appropriate entry in the Master Docket.

12.    The Court requests the assistance of counsel in calling to the attention of the Court the filing or transfer of any case which might properly be coordinated or consolidated as part of the Coordinated Action.

13.    This Order shall apply to each case subsequently filed in or transferred to this Court, unless a party serves and files an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk mails a copy of this Order to counsel for that party and this Court deems it appropriate to grant such application.

## V. ORGANIZATION OF COUNSEL

14.    The Court designates the following firms to act as interim co-lead counsel on behalf of all Plaintiffs in the Class Action Cases: Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton"); Hagens Berman Sobol Shapiro LLP ("Hagens Berman"); and Spector, Roseman & Kodroff, P.C. (collectively "Interim Co-Lead Counsel").

15.    Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs in the Class Action Cases:

    (a)    the initiation, scheduling, briefing and arguing of all motions and all corresponding responses to Defendants' motions. No motion or response shall be initiated or filed on behalf of any Plaintiff in the Class Action Cases except through Interim Co-Lead Counsel;

    (b)    the coordination of Plaintiffs' pretrial activities and plan for trial;

    (c)    the scope, order, and conduct of all discovery proceedings;

(d) the designation of which attorneys may appear at hearings and conferences with the Court;

(e) settlement negotiations with Defendants;

(f) the calling of meetings of Plaintiffs' counsel when appropriate;

(g) the conduct of all pretrial, trial and post-trial proceedings;

(h) the retention of experts;

(i) such work assignments to other Plaintiffs' counsel as they may deem appropriate to facilitate the orderly and efficient prosecution of this litigation;

(j) other matters concerning the prosecution or resolution of these coordinated cases; and

(k) coordination and communication with defense counsel with respect to matters addressed in this paragraph.

16. The Court appoints Chimicles & Tikellis LLP to act as interim liaison counsel for Plaintiffs in the Class Action Cases ("Interim Liaison Counsel"). The Court further appoints Miller Faucher & Cafferty LLP to act as allocation counsel on behalf of consumers, and Zimmerman Reed, P.L.L.P. to act as allocation counsel on behalf of third-party payors, in the event that settlement negotiations conducted pursuant to Paragraph 15.e. result in the establishment of a settlement fund to be distributed to Plaintiffs in the Class Action Cases.

17. "Other Counsel" shall refer to Zimmerman Reed, P.L.L.P; Charfoos & Christensen, P.C.; Miller Faucher & Cafferty LLP; Finkelstein, Thompson & Loughran; Zwerling, Schachter & Zwerling; Rosenthal, Monhait, Gross & Goddess, P.A.; and Kirschner & Gartrell.

18. Interim Co-Lead Counsel or Interim Liaison Counsel, at the request of Interim Co-Lead Counsel, shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs in the Class Action Cases.

19. Interim Liaison Counsel shall be responsible for ensuring that orders of the Court are served on all counsel in each case for which they are acting as Interim Liaison Counsel; communicating with the Court on behalf of all counsel in each case as to scheduling matters; and for maintaining a master service list of all parties and their respective counsel.

20. Defendants shall effect service of papers on Plaintiffs by serving a copy of the paper by overnight mail service, hand delivery or by use of the Court's electronic case filing system on each Interim Co-Lead and Liaison Counsel (collectively, "Interim Class Counsel") in the Class Action Cases, and counsel in any Related Individual Cases. Plaintiffs shall effect service of papers on Defendants by serving a copy of the paper by overnight mail service, hand delivery or by use of the Court's electronic case filing system on Delaware counsel for Defendants and Sidley Austin Brown and Wood, 555 West Fifth Street LLP, Los Angeles, California 90013.

21. All Plaintiffs' counsel in the Class Action Cases shall keep contemporaneous time records and shall monthly submit summaries or other records of time and expenses to Interim Co-Lead Counsel in such manner as Interim Co-Lead Counsel shall require. Failure to provide such documents and/or data on a timely basis may result in the Court's failure to consider non-compliant counsel's application for fees and expenses should this litigation be resolved successfully for Plaintiffs,

## VI. OTHER MATTERS

### A. INDIVIDUAL COMPLAINTS, MOTIONS

22. Defendants are not required to respond to the individual class action complaints. On or before May 27, 2005, Plaintiffs in the Class Action Cases shall file a Consolidated Class Action Complaint. Defendants shall answer, move or otherwise respond to the Consolidated Class Action Complaint on or before July 1, 2005. In the event that Defendants file a motion, Plaintiffs shall respond to the motion by August 5, 2005. Defendants may file a reply on or before August 25, 2005.

### B. DISCOVERY

23. Interim Co-Lead Counsel in the Class Action Cases shall use their best efforts to coordinate the procedural conduct of the Class Action Cases with the conduct of any Related Individual Cases, including the formulation of discovery requests, notices and the taking of depositions, pleadings, briefs and motion papers. All counsel in the Coordinated Action shall use their best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. Thus, in the event Related Individual Cases are filed in or transferred to this Court, counsel for all Plaintiffs shall confer before serving any requests or responses, and they shall eliminate duplicative or overlapping requests or responses.

24. Plaintiffs represented by Goodkind Labaton, Hagens Berman, and Chimicles & Tikellis have brought related actions in state court. These actions include: (1) *Teamsters Local 237 Welfare Fund v. AstraZeneca Pharmaceuticals LP*, Civil Action No. 04C-11-191-CHT (Del. Super. Ct.) ("*Teamsters*"); (2) *AFL-CIO v. AstraZeneca Pharmaceuticals LP*, Case No. BC 323107 (Cal. Super. Ct.) ("*AFL-CIO*"); (3) *Ledwick v. AstraZeneca Pharmaceuticals LP*, Case No. BC 324518 (Cal. Super. Ct.) ("*Ledwick*"); (4)

*Commonwealth Care Alliance v. AstraZeneca Pharmaceuticals LP*, Civil Action No. 05-0269 (Mass. Super. Ct.) ("*Commonwealth*") (collectively, the "State Class Actions"). Counsel for plaintiffs in *Teamsters* have agreed to seek a stay of all proceedings in that case in favor of the Coordinated Action, but counsel for plaintiffs in *AFL-CIO*, *Ledwick*, and *Commonwealth* have not similarly agreed to a stay. This order is made without prejudice to the Defendants' right to seek a stay of all proceedings in *AFL-CIO*, *Ledwick*, and/or *Commonwealth*. In the event that any of the State Class Actions, or any other related individual or class action brought in any state court by any plaintiff represented by any of the Interim Class Counsel or Other Counsel (collectively the "Related State Class Actions"), proceeds to discovery, Interim Class Counsel and Other Counsel, and any counsel associated with them, shall use their best efforts to coordinate discovery between the Coordinated Action and the Related State Class Actions, including the formulation of discovery requests and the noticing and taking of depositions. This Paragraph shall not apply to any related individual or class action brought in any state court where no plaintiff is represented by any of the Interim Class Counsel or Other Counsel.

      25.      Depositions in the Coordinated Action shall be cross-noticed in each Related State Class Action and depositions in any Related State Class Action shall be cross-noticed in the Coordinated Action, except where such cross-noticing is prohibited by state court order or rule or would otherwise be impracticable. The parties agree that deposition testimony taken in the Coordinated Action will be treated as if taken in all the Related State Class Actions and deposition testimony taken in any Related State Class Action will be treated as if taken in the Coordinated Action and all the other Related State Class Actions. Further, any deposition taken in the Coordinated Action or any Related State

Class Action will be admissible pursuant to the Rules of Evidence of the jurisdiction in which the action is pending. When such cross-noticed depositions take place, the part of the deposition being taken for use in the action for which it was originally noticed shall proceed to conclusion. Counsel taking such cross-noticed depositions shall use their best efforts to conduct the deposition in a manner which will make it admissible in the Coordinated Action and any Related State Class Action. No witness deposed in the Coordinated Action or any Related State Class Action shall be deposed twice, except as agreed upon by the parties or upon order of this Court upon a showing of good cause.

### C. ADMISSION OF ATTORNEYS

26. Each attorney not a member of the Bar of this Court, who (i) is acting as counsel for a Plaintiff or Defendant herein, (ii) who qualifies for admission *pro hac vice* under Local Rule 83.5 and (iii) who associates with a Delaware attorney as required under Local Rule 83.5(d), shall be deemed admitted *pro hac* vice to practice before this Court in connection with the Consolidated Action. By associating with any attorney who is not a member of the Bar of this Court in connection with the Coordinated Action, an attorney who is a member of the Bar of this Court represents to the Court that the correspondent attorney qualifies for admission *pro hac vice* under Local Rule 83.5. Any attorney who is not a member of the Bar of this Court and who acts as counsel for any party in the Consolidated Action consents to the jurisdiction of this court for purposes of attorney discipline under Local Rule 83.6.

### D. COMMUNICATION AMONG COUNSEL

27. The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the communication of information among and between Plaintiffs' counsel on matters of

9

common interest shall not be deemed a waiver of the attorney-client privilege, the attorney work product privilege or other applicable privileges to which they would otherwise be entitled. Similarly, the communication of information among and between counsel for Defendants shall not be deemed a waiver of the attorney-client privilege, the attorney work product privilege, or other applicable privileges.

### E.   RULES OF PROCEDURE

28.   Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the District of Delaware shall govern future proceedings herein.

**SO ORDERED.**

Dated: Wilmington, Delaware
~~May __, 2005~~
6/23/05

_____
Hon. Sue L. Robinson, U.S.D.J.