# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 05-0269 BLS
(Judge van Gestel)

COMMONWEALTH CARE ALLIANCE & others,[1]
individually and on behalf of persons similarly situated

vs.

ASTRAZENECA PHARMACEUTICALS L.P. & another.[2]

MEMORANDUM AND ORDER
ON MOTION TO DISMISS

This matter came before the Court on the Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, Paper #14.

The underlying claim purports to be a consumer class action seeking relief from alleged unfair and deceptive business practices in violation of G.L. c. 93A, sec. 9. The plaintiffs claim to be representatives of Massachusetts consumers and entities that purchased the defendants' prescription drug Nexium.

Nexium, likes its predecessor Prilosec which is also manufactured by the defendants, is a proton-pump-inhibitor ("PPI") used in the treatment of "heartburn." Both drugs are used in healing erosive esophagitis.

It is alleged that Prilosec's patent protection is about to expire and, when it does, generic PPI manufacturers will enter the market and cut deeply into the defendants' profits from the sale of Prilosec. Supposedly Prilosec was the world's most prescribed drug in the year 2000. Its sales

---

[1] Health Care for All; Glenn Crenshaw; and Paula Crenshaw.

[2] Zeneca Holdings, Inc.

that year reached $6 billion.

The plaintiffs assert a massive improper advertising campaign by the defendants designed to lure consumers away from the defendants' Prilosec product on the allegedly unfounded inference that Nexium, "the new purple pill," is a superior product.

In assessing a consumer class action at the motion to dismiss stage, this Court must take guidance from the words of the Supreme Judicial Court in Aspinall v. Philip Morris Companies, Inc., 442 Mass. 381 (2004). There, at p. 394, Justice Greaney said:

> Whether conduct is deceptive is initially a question of fact, to be answered on an objective basis and not by the subjective measure argued by the defendants. See Lowell Gas Co. v. Attorney Gen., 377 Mass. 37, 51 (1979); Commonwealth v. AmCan Enters., Inc., 47 Mass.App.Ct. 330, 335 (1999). A successful G.L. c. 93A action based on deceptive acts or practices does not require proof that a plaintiff relied on the representation, see Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975), or that the defendant intended to deceive the plaintiff, see Swanson v. Bankers Life Co., 389 Mass. 345, 349 (1983), or even knowledge on the part of the defendant that the representation was false. See Slaney v. Westwood Auto, Inc., supra. Although our cases offer no static definition of the term "deceptive," we have stated that a practice is "deceptive," for purposes of G.L. c. 93A, "if it 'could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted.'" Purity Supreme, Inc. v. Attorney Gen., 380 Mass. 762, 777 (1980), quoting Lowell Gas Co. v. Attorney Gen., supra. In the same vein, we have stated that conduct is deceptive if it possesses "a tendency to deceive." Leardi v. Brown, 394 Mass. 151, 156 (1985), quoting Trans World Accounts, Inc. v. Federal Trade Comm'n, 594 F.2d 212, 214 (9th Cir.1979). "In determining whether an act or practice is deceptive, 'regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which [the act or practice] might reasonably be expected to have upon the general public.'" Leardi v. Brown, supra, quoting P. Lorillard Co. v. Federal Trade Comm'n, 186 F.2d 52, 58 (4th Cir.1950).

As the Supreme Judicial Court, when discussing its own duties regarding a motion to dismiss, recently reminded this Court:

> The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) is well settled. We take as true "'the allegations of the complaint, as well as such

2

> inferences as may be drawn therefrom in the plaintiff's favor...' *Blank v. Chelmsford Ob/Gyn, P.C.*, 420 Mass. 404, 407 (1995). In evaluating the allowance of a motion to dismiss, we are guided by the principle that a complaint is sufficient 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Nader v. Citron*, 372 Mass. 96, 98 (1977), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)." *Warner-Lambert Co. v. Execuquest Corp.*, 427 Mass. 46, 47 (1998). Although errors of law based on the facts alleged will not surmount a rule 12(b)(6) challenge, the plaintiff's burden is "relatively light." *Id.*, citing *Gibbs Ford, Inc. v. United Truck Leasing Corp.*, 399 Mass. 8, 13 (1987). Under the "generous principles" governing our review..., *Connerty v. Metropolitan Dist. Comm'n*, 398 Mass. 140, 143 (1986), we summarize the facts alleged in the ... complaint and in uncontested documents of record.

Marram v. Kobrick Offshore Funds, Ltd., 442 Mass. 43, 45 (2004).

This Court should do no less; and it has not. On all counts and aspects of the First Amended Complaint – albeit some more strongly than others – the defendants cannot surmount the plaintiffs' "relatively light burden" and show beyond doubt that the plaintiffs can prove no set of facts in support of each of their claims which would entitle them to relief.

## ORDER

For the foregoing reasons, the Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, (Paper #14), is <u>DENIED</u>. This denial, of course, does not establish the law of this case and is without prejudice to the service and filing of future dispositive motions by either of the defendants after a more full record is established.

Allan van Gestel
Justice of the Superior Court

DATED: October 17, 2005

3