IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PENNSYLVANIA EMPLOYEE BENEFIT TRUST FUND, on behalf of itself and all others similarly situated, JOSEPH MACKEN, and COMMISSIONER LINDA A. WATTERS | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 05-075-SLR (Lead Case) |
| v. | ) ) | |
| ZENECA, INC. and ASTRAZENECA PHARMACEUTICALS, LP, | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
## FOR JUDICIAL NOTICE OF FDA RULINGS

OF COUNSEL:

Peter I. Ostroff
Mark E. Haddad
Alycia A. Degen
Joshua E. Anderson
SIDLEY AUSTIN BROWN & WOOD LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
(213) 896-6000

John W. Treece
Maja C. Eaton
Richard D. Raskin
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000
    *Attorneys for Defendants*

November 4, 2005

Jack B. Blumenfeld (#1014)
R. Judson Scaggs, Jr. (#2676)
Lisa Whittaker (#4614)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    *Attorneys for Defendants.*

Defendants AstraZeneca Pharmaceuticals LP and Zeneca Inc. (collectively "AstraZeneca") respectfully submit this Response to Plaintiffs' Motion for Judicial Notice of FDA Rulings ("Request") (D.I. 53). Plaintiffs' Request should be denied for two independent reasons.

First, Plaintiffs' "Motion" is an improper sur-reply in opposition to AstraZeneca's Motion to Dismiss (D.I. 33). Plaintiffs purport to seek judicial notice of certain interim FDA review documents to "refute Defendants' assertions" made at the September 9, 2005 hearing on AstraZeneca's Motion to Dismiss. *See* Request at 2; *see also* Request at 1 (referencing September 9, 2005 hearing). None of the "assertions" they now wish to challenge, however, is new; each was presented in AstraZeneca's briefs. *See* Motion to Dismiss at 14-15, 18-19, 23-24; Defs. Reply at 2, 8-10 (D.I. 45). Furthermore, Plaintiffs' Request cites no new cases or authorities, but presents materials already cited in the Complaint that bear dates no later than 2001. See Compl. ¶¶ 11, 14, 50, 53, 55, 57, 59-61, 64-65, 67-69, 76, 79 (D.I. 20). Plaintiffs thus have absolutely no excuse for waiting until the "sur-reply" stage to present these materials and make these arguments; if relevant at all, all of this could and should have been presented in their opposing brief or at the hearing. Their motion should be denied on this ground alone. *See* Local Rule 7.1.2(c); *Watkins v. New Castle County*, 374 F. Supp. 2d 379, 393-94 (D. Del. 2005) (refusing to consider arguments in plaintiffs' so-called "motion to strike" because they were "inappropriate surreplies").

Second, and in any event, the Request should be denied because the documents attached to Plaintiffs' Request are irrelevant to AstraZeneca's Motion to Dismiss. Apart from the labeling

1

(Ex. I to Plaintiffs' Request) [1], none reflects the FDA's final action with respect to AstraZeneca's New Drug Application for NEXIUM® (esomeprazole magnesium) ("Nexium NDA").

As AstraZeneca has explained, FDA reviewers do not issue the final word on approved dosages or labeling; the FDA does. Motion to Dismiss at 24; *Pfizer, Inc. v. Miles, Inc.*, 868 F. Supp. 437, 457-59 (D. Conn. 1994) (holding that it is improper to use an FDA reviewer's comments to suggest that the drug "is somehow deficient" because the FDA ultimately approved the drug as safe and effective, and the reviewer's comments thus "do not constitute the end of the FDA's findings" regarding the drug); *see also* FDA Center for Drug Evaluation and Research, Manual of Policies and Procedures ("MAPP") § 6010.3, at 1 (Effective July 9, 2004) (available at http://www.fda.gov/cder/mapp/6010.3.pdf, last visited Nov. 2, 2005) ("Final scientific and regulatory determinations on the reviewed application are not necessarily reflected in the clinical review.").

The interim nature of the reviews that Plaintiffs attach to their Request is apparent from Plaintiffs' own allegations. Plaintiffs allege, for example, that the medical reviewer recommended in his report that the FDA approve only a 20 mg dose of Nexium for healing erosive esophagitis. Compl. ¶ 79; *see also* Pltfs. Request, Exh. C at 4-5. Plaintiffs concede, however, and the Nexium labeling confirms, that the FDA approved not just a 20 mg dose but also a 40 mg dose of Nexium for healing erosive esophagitis. *See* Complaint ¶¶ 6, 80; Nexium Labeling at 37 (Exhibit 1 to July 1, 2005 Request for Judicial Notice). This final agency action

---

[1] Plaintiffs' request is superfluous with respect to the labeling in Ex. I, because AstraZeneca's unopposed Request for Judicial Notice filed concurrently with its Motion to Dismiss includes the Nexium labeling. *See* D.I. 34, Exh. 1.

starkly contrasts with the FDA's refusal to approve a 40 mg dose of Prilosec for healing erosive esophagitis, or to approve a 40 mg dose of Nexium for indications other than the healing of erosive esophagitis. Thus, as a matter of law, concerns about the efficacy of a 40 mg dose of Nexium for healing erosive esophagitis and the adequacy of AstraZeneca's studies supporting that dose necessarily were "resolved to the FDA's satisfaction." *Pfizer*, 868 F. Supp. at 457; *see also* 60 Fed. Reg. at 52,196 ("[T]he approved labeling communicates the conclusions of FDA review of the data in the product's new drug application (NDA).").

If Plaintiffs' reliance on statements by FDA reviewers has any relevance, it is only to confirm that Plaintiffs' improperly seek to litigate the FDA's decision to approve the Nexium NDA. The documents attached to the Request show that the FDA heard – and rejected – Plaintiffs' claims; far from justifying a collateral attack on the FDA's approval, they are one more reason why that attack is preempted. *See* Motion to Dismiss at 23-26.

OF COUNSEL:

Peter I. Ostroff
Mark E. Haddad
Alycia A. Degen
Joshua E. Anderson
SIDLEY AUSTIN BROWN & WOOD LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
(213) 896-6000

John W. Treece
Maja C. Eaton
Richard D. Raskin
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000
*Attorneys for Defendants*

November 4, 2005

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
R. Judson Scaggs, Jr. (#2676)
Lisa Whittaker (#4614)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 4, 2005, a copy of the foregoing was served upon the following counsel of record:

### VIA E-FILING

Pamela S. Tikellis, Esquire
Robert J. Kriner, Esquire
A. Zachary Naylor, Esquire
Robert R. Davis, Esquire
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE  19899

Joseph A. Rosenthal, Esquire
Jeffrey S. Goddess, Esquire
Rosenthal, Monhait, Gross & Goddess
919 Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE  19899

R. Judson Scaggs, Jr. (#2676)