IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PENNSYLVANIA EMPLOYEE BENEFIT TRUST FUND, on behalf of itself and all others similarly situated, JOSEPH MACKEN, and COMMISSIONER LINDA A. WATTERS <br><br> Plaintiffs, <br><br> v. <br><br> ZENECA, INC. and ASTRAZENECA PHARMACEUTICALS, LP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civ. No. 1:05-cv-75-ER
(Lead Case)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF UNOPPOSED MOTION TO SEAL UNREDACTED PLAINTIFFS'
ANSWERING BRIEF IN OPPOSITION TO MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 26(c) and Paragraph 10 of the Agreed

Protective Order Regarding Confidential Information (D.I. 102-2), which the Court entered as an

order of the Court on September 17, 2009 (D.I. 106) ("Protective Order"), defendants

AstraZeneca Pharmaceuticals, LP and Zeneca, Inc. (collectively, "AstraZeneca") move the Court

for an order sealing the Unredacted Plaintiffs' Answering Brief in Opposition to Defendants'

Motion to Dismiss (the "Unredacted Answering Brief") and placing in the Court's public docket

the Redacted Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Dismiss (the

"Redacted Answering Brief").  Plaintiffs' Unredacted Answering Brief quotes and discusses the

same confidential information that this Court already ordered to be kept from the public record in

its September 9, 2009 order (D.I. 96) sealing these portions of Plaintiffs' Unredacted Amended

Consolidated Class Action Complaint.  Accordingly, the grounds for this motion are the same as those underlying that Order.  Plaintiffs do not oppose this motion.

## BACKGROUND

Plaintiffs allege that AstraZeneca falsely advertised and deceptively marketed its prescription drug Nexium® (esomeprazole magnesium) as superior to its drug Prilosec® (omeprazole).  Plaintiffs seek relief on behalf of an alleged class of persons or entities who purchased Nexium®, including consumers, third party payors, cash payors, and those making a copayment.  Plaintiffs' complaint makes the same substantive allegations as were made in cases brought under the laws of California, Massachusetts, Florida, and Arkansas.[1]

On August 14, 2009, by agreement between the parties, Plaintiffs provisionally submitted to the Court an unredacted Amended Consolidated Class Action Complaint (the "Unredacted Complaint") without filing it in the Court's public docket.  On August 21, 2009, AstraZeneca filed a motion (D.I. 87) to seal the Unredacted Complaint and to file in the public docket a redacted version of the Amended Consolidated Class Action Complaint (the "Redacted Complaint").  In its motion, AstraZeneca explained that relevant portions of the Unredacted Complaint contained competitively sensitive business information and, consequently, good cause existed to seal this information from the public record.  AstraZeneca further explained that comity to courts hearing similar claims in California and Massachusetts militated in favor of sealing the Unredacted Complaint as the sensitive information it contained was subject to

---

[1] The complaints were dismissed in the Florida and Arkansas cases, but not in the California or Massachusetts cases.

protective orders entered by these sister courts.[2]   On September 9, 2009, the Court issued an

order granting AstraZeneca's motion, finding that there was "good cause to seal the unredacted

complaint."  Slip op. at 1 (D.I. 96).

On September 15, 2009, AstraZeneca filed a motion to dismiss the Amended Complaint

(D.I. 100-101).  On October 16, 2009, pursuant to Paragraph 10 of the "Protective Order" (D.I.

102-2, 106), Plaintiffs tendered to AstraZeneca their Unredacted Answering Brief without filing

it in the public docket.  See Plaintiffs' Notice of Service (D.I. 108).  As would be expected, the

Unredacted Answering Brief liberally quotes the Unredacted Complaint and discusses the same

confidential and competitively sensitive business information that the Court previously ordered

sealed and removed from the Redacted Complaint filed in the public docket.  See Declaration of

Alycia A. Degen ("Degen Decl.") ¶ 4.  Within the five business days allotted by the Protective

Order, AstraZeneca filed the present motion seeking an order sealing the Unredacted Answering

Brief (attached as Sealed Exhibit A to the motion) and filing the Redacted Answering Brief

(attached as Exhibit B to the motion) in the Court's docket.

## ARGUMENT

The grounds for AstraZeneca's motion to seal the Unredacted Answering Brief are the

same as those underlying its motion to seal the Unredacted Complaint (D.I. 87, 89-91), which

AstraZeneca incorporates herein pursuant to Federal Rule of Civil Procedure 10(c).  This is true

for a simple reason:  A passage-by-passage comparison of the relevant portions of the

Unredacted Answering Brief and the Unredacted Complaint demonstrates that each piece of

---

[2]   The California case is Weiss v. AstraZeneca Pharmaceuticals LP, et al., No. BC 323107
(Cal. Super. Ct.).  The Massachusetts case is Commonwealth Care Alliance, et al. v. AstraZeneca
Pharmaceuticals LP, et al., No. 05-0269 BLS2 (Mass. Super. Ct.).

competitively sensitive information AstraZeneca seeks to have sealed in this motion was also contained in the Unredacted Complaint and was ordered sealed and removed from the Redacted Complaint filed in the Court's docket.  Degen Decl. ¶¶ 4-8.  Indeed, the Unredacted Answering Brief copies passages nearly verbatim from the Unredacted Complaint.  Id.

For example, the Unredacted Answering Brief refers to and quotes from a number of paragraphs in the Unredacted Complaint that quote or discuss AstraZeneca's confidential internal documents (hereafter, the "Internal Documents").  Id. ¶ 5.  These passages include (*e.g.,* at p. 5) quotations from AstraZeneca sales training materials that were produced by AstraZeneca as confidential in the Massachusetts and California actions, and which these sister courts ordered to be sealed from the public record.  Id.  These passages were taken nearly word-for-word from paragraph 94 of the Unredacted Complaint, which the Court ordered to be redacted in its entirety.  Id.

Likewise, the Unredacted Answering Brief quotes portions of the Unredacted Complaint quoting confidential and proprietary market research reports which were created for AstraZeneca by third parties and are subject to contractual confidentiality provisions (hereafter, "Proprietary Market Research Reports").  Id. ¶ 6.  These reports have been ordered sealed by the California and Massachusetts courts.  Id.  The quotations that appear in the Unredacted Answering Brief (at pp. 6-7) are drawn verbatim from paragraphs 108 through 111 of the Unredacted Complaint.  Id.  The Court's September 9 order sealed each of these paragraphs.  Id.

The Unredacted Answering Brief also quotes portions of the Unredacted Complaint that quote and discuss confidential pre-approval communications between AstraZeneca and FDA personnel (hereafter, "FDA Communications").  Id. ¶ 7.  These materials were submitted to the FDA with an expectation of confidentiality and have been sealed by orders of the Massachusetts

and California courts.  Id.  The statements concerning these FDA Communications that appear in the Unredacted Answering Brief (at pp. 4-5) are drawn word-for-word from paragraphs 71 and 72 of the Unredacted Complaint.  Id.  By its September 9 order, the Court sealed these portions of paragraphs 71 and 72 from the public record.  Id.  Every other passage in the Unredacted Answering Brief that AstraZeneca seeks to seal likewise is drawn directly from a passage in the Unredacted Complaint that this Court ordered sealed.  Id. ¶ 8.

The case for sealing the Unredacted Answering Brief from the public record is no less compelling than the case for sealing the Unredacted Complaint.  As the Court found in its September 9, 2009 order, the "Proprietary Market Research Reports" and "Internal Documents" are of "the type of confidential and strategic commercial information that needs to be shielded to prevent a material competitive disadvantage to the Defendants."  Slip op. at 4 (citing Joint Stock Soc'y v. UDV North Am., Inc., 104 F. Supp. 2d 390, 396 (D. Del. 2000), and United States v. Dentsply Int'l, Inc., 187 F.R.D. 152, 159 n. 6 (D. Del. 1999)).  The Court also found the FDA Communications protectable pursuant to 21 C.F.R. § 20.61(b)-(c), which "exempt[s] privileged or confidential information submitted to the FDA from public disclosure."  Slip op. at 4.

As with respect to the Unredacted Complaint, AstraZeneca's interest in having the Unredacted Answering Brief filed under seal outweighs the public's interest in access to the unredacted court document.  See Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005).  AstraZeneca's "economic interests would be impacted significantly by disclosure" of the Unredacted Answering Brief.  Slip op. at 4.  Preventing public disclosure of the "proprietary information sought to be protected" does not implicate "the interest of public health and safety."  Id.  Like the redactions ordered to the Complaint, the proposed redactions to the Answering Brief are "limited in scope to particular commercial information and should not adversely affect the

ability of the public to comprehend the nature and progression of this case." Id.  Nor would an order sealing the Unredacted Answering Brief benefit a public entity or official.

### CONCLUSION

In sum, the grounds upon which the Court found "good cause" to seal the Unredacted Complaint apply equally here, and AstraZeneca respectfully requests that the Court order that the Unredacted Plaintiffs' Answering Brief in Opposition to Motion to Dismiss be filed under seal, and the Redacted Plaintiffs' Answering Brief in Opposition to Motion to Dismiss be filed in the Court's public docket.


Dated:  October 23, 2009


McCARTER & ENGLISH, LLP


By: /s/ Michael P. Kelly
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Renaissance Center
405 North King Street, 8th Floor
Wilmington, DE  19899
(302) 984-6300

SIDLEY AUSTIN LLP
Mark E. Haddad
Alycia A. Degen
Joshua E. Anderson
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
(213) 896-6000

SIDLEY AUSTIN LLP
John W. Treece
One South Dearborn
Chicago, IL  60603
(312) 853-7000

*Attorneys for Defendants*